Submitted August 23, reversed and remanded November 14, 1978

STATE ex rel WICK, *Appellant,*
*v.*
WICK, *Respondent.*
(No. 413-332, CA 10285)

586 P2d 400

Dale Conn, Chief Deputy, Domestic Relations, Portland, argued the cause for appellant. With him on the brief were Harl Haas, District Attorney, and Jasper Ambers, Deputy District Attorney, Portland.

No appearance for respondent.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

[ 125 ]

LEE, J.

**LEE, J.**

This is an appeal from an order denying a motion to modify the child support order contained in a decree of dissolution of marriage which failed to expressly provide for support beyond the age of 18 years. The child was over age 18 but under 21 years and was "attending school." *See* ORS 107.108, *infra.*

On October 15, 1975, a decree was entered dissolving the marriage of the parties and requiring father to pay monthly support for Kimberly Wick, until she reached "the age of majority." After Kimberly reached the age of 18 years, she, pursuant to ORS 107.108(3),[1] and her mother, moved the court for modification of support to enable her to continue to attend school. The court denied the motion on the ground that unless the original decree provided for support beyond the age of 18 years, the court lacked jurisdiction to modify. We reverse.

ORS 107.105(1)(a) enacted in 1971 gave a trial court authority to provide child support in an original decree of dissolution as follows:

"* * * * *

"(a) For the future care and custody of the *minor* children of the marriage * * * as it may deem just and proper." (Emphasis supplied.)

The trial court's authority to *modify* such decrees, also enacted in 1971, similarly provides:

"(1) The court has the power at any time after a decree of * * * dissolution of marriage * * * to:

"(a) Set aside, alter or *modify* so much of the decree as may provide * * * for the * * * support and welfare of the *minor* children * * *." ORS 107.135(1)(a). (Emphasis supplied.)

---

[1] ORS 107.108(3) provides:

"(3) If the court provides for the support and maintenance of a child attending school pursuant to this section, the child is a party for purposes of matters related to that provision."

In 1973 the age of majority was changed from 21 to 18. A minor is now defined as any person who is not married and is not yet 18 years of age. ORS 109.510, 109.520. However, by a further 1973 enactment, the legislature expanded the court's authority to provide support to persons *over* 18 in ORS 107.108 as follows:

"(1) *In addition* to any other authority of the court, the court *may provide for* the support or maintenance of a *child attending school:*

"(a) After the commencement of a suit for annulment or dissolution of a marriage or for separation from bed and board and before the decree therein;

"(b) In a decree of annulment or dissolution of a marriage or of separation from bed and board; and

"(c) During the pendency of an appeal taken from all or part of a decree rendered in pursuance of ORS 107.005 to 107.142, 107.260 [*Repealed* 1973 Oregon Laws, ch 502, § 18], 107.405, 107.425, 107.445 to 107.520, 107.540, 107.610 or this section.

"\* \* \* \* \*

"(4) As used in this section, *'child attending school'* means a child of the parties who is unmarried, is 18 years of age or older and under 21 years of age and is a student regularly attending school, community college, college or university, or regularly attending a course of vocational or technical training designed to fit him for gainful employment." (Emphasis supplied.)

This statute demonstrates that the legislature intended to enable a "child attending school" to receive support payments. The statute is consistent with other similar statutory enactments which enable the court to provide for a child "attending school." *See* 108.110,[2]

---

[2] ORS 108.110 provides in pertinent part:

"(1) Any married person or state agency which is providing public assistance, as defined by ORS 411.010 or care, support or services as provided in ORS 418.015, to that married person, or on behalf of minor children may apply to the circuit court of the county in which he resides or in which his spouse may be found for an order upon his spouse to provide for his support or for the support of his minor children and his *children attending school,* or both \* \* \*.

"\* \* \* \* \*." (Emphasis supplied.)

and 109.165.[3] We are convinced that the 1973 legislature intended to empower the court to provide parental support in modification proceedings for a "child attending school" as defined in ORS 107.108(4). Therefore, although the legislature did not specifically state that an original decree could be modified to provide support for a "child attending school," we construe the word "decree" in ORS 107.108(1)(b) to encompass such modification. We, therefore, hold that ORS 107.108 expands the court's jurisdiction under ORS 107.135(1)(a) to include a "child attending school" for the purpose of support.

The trial court had jurisdiction to modify the decree.

Reversed and remanded for further proceedings consistent with this opinion.

---

[3] ORS 109.165 provides in pertinent part:

"Upon motion of either party the court may set aside, alter or modify so much of the decree as may provide for the support of the minor child or *child attending school.* \* \* \*" (Emphasis supplied.)